UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

JAMES HASKELL SHELTON            )
                                 )
v.                               )        NO. 2:04-CV-163
                                 )
SHERRY SOWERS                    )

## MEMORANDUM and ORDER

While imprisoned in the Greene County Detention Center, James Haskell Shelton filed this *pro se* civil rights action for damages and injunctive relief pursuant to 42 U.S.C. § 1983. The plaintiff's application to proceed *in forma pauperis* is **GRANTED**.

Since the plaintiff was an inmate in a local jail when this complaint was filed, the complaint now must be screened, *see* 28 U.S.C. §§ 1915A and § 1915(e), and must be dismissed if the Court determines that it is frivolous or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2).

The complaint makes the allegations which follow. On April 17, 2004, defendant Sherry Sowers, Head Nurse at the Greene County Detention Center, was informed, by means of a telephone call from the plaintiff's wife, that the plaintiff had a doctor's appointment on April 22, 2004, and that he had no refills left on his

medication. For some unstated reason, this appointment had to be cancelled and a new appointment scheduled. The plaintiff ran out of his medication on May 17, 2004. His wife called that day and was told by a Susan Kristy that the plaintiff did not even have a doctor's appointment. His wife called again the next day and was told, this time by the defendant nurse, that the plaintiff did not have an appointment, but that she would make one. On May 19, the plaintiff's wife again spoke with the defendant and was asked whether the plaintiff had any old medication she (his wife) could bring to the plaintiff. Apparently the answer was "Yes" because, at midnight on May 20th, the plaintiff received his old medication and he got an appointment with his doctor the following week. However, the plaintiff lost sleep for two days as a result of the delay in receiving the unidentified medication.

The plaintiff has a right, under the Eighth Amendment, not to be subjected to deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). In order to establish "deliberate indifference" on the part of a prison official, a plaintiff must satisfy both an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the plaintiff to show a "sufficiently serious" deprivation. A medical need may be objectively serious if even a lay person would recognize the seriousness of the need for medical care. *Johnson v. Karnes*, 398 F.3d 868, 874 (6th

2

Cir.2005) (citing *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir.2004). A prisoner may also show that he had a serious medical need by showing that a delay in treatment had a detrimental effect on a non-obvious condition that was sufficiently serious as to rise to the level of a constitutional violation. *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir.2001).

The Court assumes that the claim that the plaintiff is advancing is delay of treatment. However, the only detriment the plaintiff has alleged as a result of not receiving his medication is that he lost sleep for two days. Moreover, he has not identified the medication which he did not receive or the condition which the medication was prescribed to treat. The objective component of an Eighth Amendment claim requires that the pain be serious, *Moore v. Holbrook*, 2 F.3d 697, 700 (6th Cir.1993) (citing *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991), and the plaintiff's factual allegations regarding the loss of sleep, coupled with the lack of any contentions as to his medical condition, do not meet this criterium.

But even if they did, the plaintiff has not shown "deliberate indifference." A prison official is deliberately indifferent when he acts with a conscious disregard to a substantial risk of serious harm to a prisoner. *See Farmer*, 511 U.S. at 837. A prison official's actions must be more than mere negligence, and if the official took reasonable measures to abate the harm, he will not be held liable, even if the harm

3

was not ultimately averted. *Id.*, at 835-36.

The kind of allegations made in this case are allegations of negligence. This is so because the plaintiff's true claim is that the defendant nurse was negligent in failing to make his doctor's appointment and, thereby, caused him to run out of his medications, since the doctor had to authorize a refill. *See* Doc. 3 at ¶ 1.[1] Claims of negligence are insufficient to entitle a plaintiff to relief. *See Farmer*, 511 U.S. at 835; *Estelle*, 429 U.S. at 105-06. Moreover, the defendant did not disregard the plaintiff's need for medication, but took reasonable steps to procure the medication by asking the plaintiff's wife to bring in his old medication, until the plaintiff could see the doctor for a refill. Th Court concludes that the plaintiff has not shown any evidence of deliberate indifference towards his need for medication on the part of the defendant nurse. *Farmer*, 511 U.S. at 835 (Deliberate indifference "entails something more than mere negligence.")

To the extent that the plaintiff's passing remark about inmates being required to pay for medications and medical care is intended as an assertion of a § 1983 claim, the Constitution provides only that prison authorities must furnish care for

---

[1] Even the claimed negligence of the defendant is not clear given the plaintiff's averment that he filed a grievance over his medications and doctor's appointment and that the defendant nurse responded that a John McKay, not she, was the person who was supposed to make the appointment.

4

a convict's serious medical needs and does not indicate who is required to pay for the care, unless that is the sole method by which such care can be provided. Therefore, this allegation does not state a § 1983 claim either.

Accordingly, because the plaintiff has failed to state a claim that would entitle him to relief under § 1983, his suit will be dismissed.[2]

A separate order will enter.

       ENTER:

                                        s/Thomas Gray Hull
                                        THOMAS GRAY HULL
                                            SENIOR U. S. DISTRICT JUDGE

---

[2] When a complaint fails to state a claim in the first place, a court need not consider whether a plaintiff had exhausted his administrative remedies as required under 42 U.S.C. § 1997e(a). *See Brown v. Toombs*, 139 F.3d. 1102, 1104 (6th Cir.), *cert. denied*, 525 U.S. 833 (1998).